IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Anderson, #256077, aka James Emmanuel Anderson,<br><br>               Plaintiff,<br><br>vs.<br><br>Bernard McKie, Warden; J. C. Brown, Disciplinary Hearing Officer; Sam Latta, Major; NFN Joiner, Associate Warden; L. Bailey, Lieutenant; Kevin Moore, Counselor; Mary Simpson, Manager; Paul Dennis, Counselor; Steve Woodwork, Counselor; M. Shivers, Sergeant; Vaughn Jackson, Major,<br><br>               Defendants. | Civil Action No. 6:07-1129-MBS-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

        This matter is before the court on the plaintiff's motions for default judgment (docs. 14 and 22) and for a preliminary injunction (doc. 23).

        In his complaint, the plaintiff, a state inmate who is proceeding *pro se*, alleges that his constitutional rights were violated. Specifically, he alleges that in April 2005, he was placed on lock-up because of an allegation of a sexual encounter with another inmate. The plaintiff states that he was told that he would not be written up, but he was written up and, as a result of the charge, he was placed on lock-up, lost privileges and was placed in a pink jumpsuit. Five months later, the plaintiff sought assistance from his counselors because of the continued advances from this other inmate. Nevertheless, he was placed in the same unit as his pursuer, which the plaintiff claims is against SCDC policy. The plaintiff also complains that in April 2006, he was placed on lock-up and told he would wear a yellow jumpsuit because he had been charged with "refusing or failing to obey" and "inciting or

creating a disturbance." He claims he was "deadlocked" for this without being served a pre-hearing detention form. The plaintiff claims that he was on lock-up from April 8, 2006, until either May 2 or 8, 2006, when the charges were dropped. The plaintiff seeks damages.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

In his motion for default judgment, the plaintiff contends that the defendants failed to timely answer his complaint. The court docket shows that defendants McKie, Brown, Latta, Joiner, Moore, Simpson, Dennis, Shivers and Jackson were served with the complaint on May 31, 2007, and they timely filed their answer on June 20, 2007.[1] *See* Fed.R.Civ.P. 12(a)(1).

In his motion for preliminary injunction, the plaintiff contends that he is being denied access to the court. Specifically, he claims that he has difficulty making copies and that he should have someone trained in the law to assist him in this litigation. He asks that the court issue an injunction requiring that Warden Bazzle and Mrs. Vicky Davis "stop such ploys . . . immediately." Importantly, neither Bazzle nor Davis are defendants in this action, and it does not appear that either of these persons have been served with the instant motion.

In determining whether to grant injunctive relief prior to trial, a court must balance four factors:

> (a)   The plaintiff's likelihood of success in the underlying dispute between the parties;
>
> (b)   whether the plaintiff will suffer irreparable injury if the injunction is not issued;

---

[1] Defendants Bailey and Woodwork have not been served. By order of this court filed August 9, 2007, the plaintiff was given through September 4, 2007, to provide more accurate addresses for these two defendants.

2

>    (c)    the injury to the defendant if the injunction is issued; and
>
>    (d)    the public interest.

*Scotts Company v. United Industries Corporation*, 315 F.3d 264, 271 (4th Cir. 2002); *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189, 193 (4th Cir. 1977). The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the injunction were issued. *Scotts*, 315 F.3d at 271.

This court agrees with the defendants that the plaintiff has not made the required showing. As argued by the defendants, the "plaintiff's flurry of pleadings belies his bald allegations and demonstrates that he has more than adequate access to the Court. While he may not be the litigation engine that he desires to be, he has clearly managed to enjoy access sufficient to file the instant motion as well as his motion for default and his objections to these defendants' motion for enlargement of time to file an answer " (resp. to m. for inj. relief 2). Further, he has failed to address his likelihood of success on the merits, and he has failed to describe the public interest in granting the relief he is requesting. As such, he has failed to meet the burden necessary to obtain preliminary injunctive relief.

Accordingly, it is recommended that the plaintiff's motions for preliminary injunction and for default judgment be denied.

>    s/William M. Catoe
>    United States Magistrate Judge

August 24, 2007

Greenville, South Carolina

3