IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| James Anderson, #256077, aka ) <br> James Emmanuel Anderson, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> Bernard McKie, Warden; J.C. Brown, ) <br> Disciplinary Hearing Officer; Sam Latta, ) <br> Major; NFN Joiner, Associate Warden; ) <br> L. Bailey, Lieutenant; Kevin Moore, ) <br> Counselor; Mary Simpson, Manager; ) <br> Paul Dennis, Counselor; Steve Wood- ) <br> work, Counselor; M. Shivers, Sergeant; ) <br> Vaughn Jackson, Major, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 6:07-1129-MBS-WMC <br><br> **REPORT OF MAGISTRATE JUDGE** |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

This matter is before the court on the motion for summary judgment of defendants McKie, Brown, Latta, Joiner, Moore, Simpson, Dennis, Shivers, and Jackson ("the moving defendants"). In his complaint, the plaintiff, a state inmate who is proceeding *pro se*, alleges that his constitutional rights were violated. The plaintiff is currently serving a 25-year sentence for criminal sexual conduct with a minor, first degree, and for violating his probation. Specifically, he alleges that in April 2005, he was placed on lock-up because of an allegation

of a sexual encounter with another inmate. The plaintiff states that he was told that he would not be written up, but he was written up and, as a result of the charge, he was placed on lock-up, lost privileges, and was placed in a pink jumpsuit. Five months later, the plaintiff sought assistance from his counselors because of the continued advances from this other inmate. Nevertheless, he was placed in the same unit as his pursuer, which the plaintiff claims is against SCDC policy. The plaintiff also complains that in April 2006, he was placed on lock-up and told he would wear a yellow jumpsuit because he had been charged with "refusing or failing to obey" and "inciting or creating a disturbance." He claims he was "deadlocked" for this without being served a pre-hearing detention form. The plaintiff claims that he was on lock-up from April 8, 2006, until either May 2 or 8, 2006, when the charges were dropped. He claims he has experienced stress and depression and that he cannot trust the officers and "will never have the trust or respect from officers, counselors, and any employee within the bounds of working for the South Carolina Department of Corrections["SCDC"]." Comp. at 10. The plaintiff seeks damages and specifically states in his complaint that he is suing the officers and employees of the SCDC in their official capacities. Comp. at 10.

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury

might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

There is no dispute that the moving defendants were all employees of the SCDC at the time of the events alleged and, thus, are state officials acting in their official capacity while employed by the SCDC. Accordingly, they are entitled to Eleventh Amendment Immunity from monetary damages for actions in their official capacities absent some statutory waiver. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989). As noted above, the plaintiff seeks monetary damages in this case, and he stated in his complaint that he is suing

3

the defendants in their official capacities. As no statutory waiver of immunity exists, the defendants' motion for summary judgment should be granted as to the individual defendants in their official capacities.

The complaint in this case was filed on April 27, 2007. Defendants Bailey and Woodwork have not been served with a summons and complaint. Pursuant to Federal Rule of Civil Procedure 4(m), service of the summons and complaint must be made within 120 days of the date the complaint is filed. On July 19, 2007, the summons for Bailey was returned unexecuted by the U.S. Marshals Service marked "Per SCDC - no longer an employee... unable to locate address or place of employment through available records." The summons for Woodwork was also returned unexecuted by the U.S. Marshals Service marked "Per SCDC no longer employee ... unable to locate address or employment through available records." The plaintiff was given two extensions of time within which to provide accurate addresses for service of the summons and complaint upon these defendants. He has failed to do so. Accordingly, the complaint should be dismissed against defendants Bailey and Woodwork.[1]

Wherefore, based upon the foregoing, this court recommends that the moving defendants' motion for summary judgment be granted. Further, defendants Bailey and Woodwork should be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Any pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

December 13, 2007
Greenville, South Carolina

---

[1] Even if Bailey and Woodwork had been served, summary judgment in their favor would be appropriate for the same reasons as set forth above with regard to the moving defendants.

4