IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Anderson, #256077, | ) | C/A No. 6:07-1129-MBS-WMC |
| a/k/a James Emmanuel Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| Bernard McKie, Warden; J.C. Brown, | ) | |
| Disciplinary Hearing Officer; Sam Latta, | ) | |
| Major; NFN Joiner, Associate Warden; | ) | |
| L. Bailey, Lieutenant; Kevin Moore, | ) | |
| Counselor; Mary Simpson, Manager; | ) | |
| Paul Dennis, Counselor; Steve Woodwork, | ) | |
| Counselor; M. Shivers, Sergeant; | ) | |
| Vaughn Jackson, Major, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff James Anderson, a/k/a James Emmanuel Anderson is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). On April 27, 2007, Plaintiff, appearing pro se, filed a complaint alleging that his constitutional rights were being violated. Plaintiff alleges that in April 2005, he was placed on lock-up based on allegations of sexual conduct with another inmate. He alleges that after being told he would not be written up, he was written up and placed on lock-up. He alleges that he lost certain privileges and was required to wear a pink jumpsuit. Plaintiff further alleges that in September 2005, despite seeking assistance from his counselors, he was placed in the same unit as a fellow inmate who had been asking Plaintiff for "sexual favors, writing love kites, and poems . . ." (Compl. at 6.) Finally, Plaintiff alleges that in April 2006, he was placed on lock-up and required to wear a yellow jumpsuit based on charges of "refusing or failing to obey" and "inciting/creating a disturbance," without receiving a pre-hearing detention

form. (Compl. at 8.)

This matter is before the court on Plaintiff's two motions for default judgment. Plaintiff's first motion for default judgment was filed on June 14, 2007 (Entry 14) and his second motion for default judgment was filed on August 21, 2007 (Entry 22). In these motions, Plaintiff contends that he should be awarded a default judgment because Defendants failed to file a response or otherwise defend this matter. On August 21, 2007, Defendants Bernard McKie, J.C. Brown, Sam Latta, NFN Joiner, Kevin Moore, Mary Simpson, Paul Dennis, M. Shivers, and Vaughn Jackson filed a response to Plaintiff's second motion for default judgment.[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate William M. Catoe for pretrial handling. The Magistrate Judge filed a Report of Magistrate Judge ("Report") on August 24, 2007, recommending that Plaintiff's motions for default judgment be denied. The Magistrate Judge found that the Defendants were not in default because they timely filed their answer to Plaintiff's complaint.

This matter is also before the court on Plaintiff's motion for preliminary injunction (Entry 23), which was filed on August 21, 2007. In his motion for preliminary injunction, Plaintiff alleges

---

[1] As noted by the Magistrate Judge, two named defendants - Defendants Bailey and Woodwork - have not been served. On August 9, 2007, the Plaintiff was granted until September 4, 2007 to provide accurate addresses for these two defendants. On August 31, 2007, Plaintiff was granted additional time, until September 28, 2007, to provide more accurate addresses for these two defendants. On September 28, 2007, Plaintiff moved for an order to obtain the addresses of these two defendants. (Entry 35.) The served defendants filed a response to this motion on October 16, 2007. Plaintiff's motion for Defendants Bailey and Woodwork's addresses is being held in abeyance pending the disposition of Defendants' motion for summary judgment. On December 13, 2007, Judge Catoe issued a Report of Magistrate Judge recommending Defendants' motion for summary judgment be granted. Plaintiff has been granted until February 25, 2008, to file objections to the Report of Magistrate Judge.

that he is being denied access to the courts and requests two forms of relief. First, Plaintiff requests a declaratory judgment that two non-party employees of the prison system, Warden Bazzle and Mrs. Vickie Davis, have violated his constitutional rights. Second, Plaintiff requests an injunction prohibiting Bazzle and Davis from obstructing his access to the courts. On August 21, 2007, Defendants McKie, Brown, Latta, Joiner, Moore, Simpson, Dennis, Shivers, and Jackson filed a response to Plaintiff's motion for preliminary injunction.

In his Report, the Magistrate Judge also recommended that Plaintiff's motion for preliminary injunction be denied, based on three findings. First, the Magistrate Judge found that Plaintiff did not make a strong enough showing of irreparable harm to warrant pre-trial injunctive relief. Second, he found that Plaintiff failed to address his likelihood of success on the merits. Third, he found that Plaintiff failed to describe the public interest in granting Plaintiff relief.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

On October 1, 2007, Plaintiff filed objections to the Report. Plaintiff's objections generally restate the allegations of his complaint and motion for preliminary injunction. The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). The court concurs with the Report. As

3

such, Plaintiff's motions for default judgment (Entries 14 and 22) and Plaintiff's motion for preliminary injunction (Entry 23) are **denied.**

    **IT IS SO ORDERED.**

                                           s/ Margaret B. Seymour
                                           Margaret B. Seymour
                                           United States District Judge

Columbia, South Carolina
February 19, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**