IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| James Anderson, #256077, | ) | C/A No. 6:07-1129-MBS-WMC |
| a/k/a James Emmanuel Anderson, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| Bernard McKie, Warden; J.C. Brown, | ) | |
| Disciplinary Hearing Officer; Sam Latta, | ) | |
| Major; NFN Joiner, Associate Warden; | ) | |
| L. Bailey, Lieutenant; Kevin Moore, | ) | |
| Counselor; Mary Simpson, Manager; | ) | |
| Paul Dennis, Counselor; Steve Woodwork, | ) | |
| Counselor; M. Shivers, Sergeant; | ) | |
| Vaughn Jackson, Major, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff James Anderson, a/k/a James Emmanuel Anderson is an inmate in the custody of

the South Carolina Department of Corrections ("SCDC").  On April 27, 2007, Plaintiff, appearing

pro se, filed a complaint against the named Defendants, in their official capacities, alleging that his

constitutional rights were being violated.  Plaintiff alleges that in April 2005, he was placed on lock-

up based on allegations of sexual conduct with another inmate.  He alleges that after being told he

would not be written up, he was written up and placed on lock-up.  He alleges that he lost certain

privileges and was required to wear a pink jumpsuit.  Plaintiff further alleges that in September 2005,

despite seeking assistance from his counselors, he was placed in the same unit as a fellow inmate

who had been asking Plaintiff for "sexual favors, writing love kites, and poems . . ."  (Compl. at 6.)

Finally, Plaintiff alleges that in April 2006, he was placed on lock-up and required to wear a yellow

jumpsuit based on charges of "refusing or failing to obey" and "inciting/creating a disturbance,"

without receiving a pre-hearing detention form.  (Compl. at 8.)

This matter is before the court on a motion for summary judgment filed by Defendants Bernard McKie, J.C. Brown, Sam Latta, NFN Joiner, Kevin Moore, Mary Simpson, Paul Dennis, M. Shivers, and Vaughn Jackson on October 4, 2007.  On October 5, 2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately.  Plaintiff filed a response in opposition to summary judgment on November 21, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate William M. Catoe for pretrial handling.  The Magistrate Judge filed a Report of Magistrate Judge ("Report") on December 13, 2007.  The Magistrate Judge found that the Defendants are entitled to Eleventh Amendment immunity because Plaintiff brought this action against Defendants in their official capacities, while they were employed by the SCDC and no statutory waiver applies to this action.  The Magistrate Judge further found that the complaint against Defendants Bailey and Woodwork should be dismissed for Plaintiff's failure to serve these two Defendants.  As such, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

2

On March 10, 2008, Plaintiff filed objections to the Report. ("Plaintiff's Objections.") Plaintiff's objections generally restate the allegations of his complaint and his response to Defendants' motion for summary judgment. The court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). After thorough review of the Magistrate Judge's Report, the Plaintiff's Objections, the record in its entirety, and the applicable law, the court adopts the Report of Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motion for summary judgment (Entry 37) is **granted.** Furthermore, all other pending motions (entries 35, 43, and 49) are deemed moot.

**IT IS SO ORDERED.**

  s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
July 21, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3